DONOVAN & DONOVAN
Casey Donovan, Esq.
California State Bar Number 182442
The Senator Building
105 West F Street, Fourth Floor
San Diego, California 92101
Telephone: (619) 696-8989

Attorney for Defendant Jennifer Jinesta

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HON. BARRY TED MOSKOWITZ)**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 08-CR 0286-BTM |
| Plaintiff, | Date: March 7, 2008 |
| v. | Time: 2:00 P.M. |
| JENNIFER JINESTA (3) | STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS |
| Defendant. | |

**I.**

**STATEMENT OF FACTS**

The following statement of facts is based, in part, on materials received from the government. The facts alleged in these motions are subject to amplification and/or modification at the time these motions are heard.

On or about January 7, 2008, government agents from the ATF conducted a surveillance of the co-defendant Omar Jinesta at his residence located at 3643 corral Canyon road, Bonita, California. Mr. Jinesta is the husband of the defendant Jennifer Jinesta. At approximately 10:30 a.m. Omar jinesta left the residence in a car driven by robert Mendoza. Shortly thereafter the agents attempted to stop the car driven by Mendoza, in National city. The car failed to yeild, and

1  instead fled from the officers, and entered the highway Interstate 5 southbound toward Mexico.
2  the ATF agents alerted the custom and border Patrol agebnts at the San Ysidro port of Entry, but
3  the agernts were unsuccessfukl in stiopping the car which contained Mendoza and Jinesta from
4  entering Mexico. The two men were seized on the Mexican side of the border and turned over to
5  the ATF agebts on the American side of the border at approximately 12:55 p.m. Omar Jinesta
6  was arrested for being a felon in possession of a weapon. After allegedly waiving his <u>Miranda</u>
7  warnings, Omar Jinesta told the agents he had called his wife, Jennifer and told her to get rid of
8  the gun, ammunition, and drugs that were at the house.
9      During the pursuit of the vehicle other ATF agents continued their surveillance of the
10 house located at 3643 Carroll canyon road. Thet observed an hispanic male later identieid as co-
11 defendant benjamin cunningham, exit the house carrying a black plastic bag, and later throw it
12 over a fence. cunninghamproceeded to go around the fence and pick up the plastic bag. The
13 agernts observed Cunningham pick up the bag and carry it to a quasi-remote location several
14 residences away. when the agents approached Cunningham and questioned him about the bag,
15 heallegedly told them that Jennifer jinesta had given him the bag, and told him to tsake ythe bag
16 out of the house and hide the contents. cunningham allegedly told the agents Jennifer Jinesta had
17 received a telephone call telling her what to do. The agents searched the black plastic bag and
18 discovered approximately one pound of suspected marijuana, two ounces of of sauspected
19 cocaine, and a 9MM Kel-Tec handgun., and assorted ammunition.
20     The Atf agents following the search of the bag entered the residence and arrested Jennifer
21 jinesta and other individuals inside the residence. The discovery indicates that Ms. jinesta waived
22 her <u>Miranda</u> warnings and made inculpatory statements to the agents concerning receving
23 instructions from her husband to remove contraband from the house. Following the search of the
24 residence, Ms. Jinesta was brought to court and charged with aiding and abetting a felon in
25 possession, Title 18 U.S.C. sections 922(g)(1) and 924(a)(2), and 2, and with preventing the
26 seizure of a handgun in violation of Title 18 U.S.C. section 2232(a) and 2. . She is presently in on
27 bond..
28     The government has so far turned over approximately 55 pages of written discovery.

## II.

## **MOTION TO COMPEL DISCOVERY**

Ms. Jinesta moves for the production by the government of the following discovery. This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies" under United States v. Bryan, 868 F.2d 1032 (9th Cir. 1989):

**A.**   Ms. Jinesta is Entitled to Discovery of Her Statements.

Pursuant to Rule 16(a)(1)(A), Brady v. Maryland, 373 U.S. 83 (1963), and the Fifth and Sixth Amendments to the United States Constitution, Ms. Jinesta requests disclosure of any statements, whether oral, written, or recorded made by her which are in the possession, custody, or control of the government, or which by the exercise of due diligence may become known to the government, regardless of to whom made. This includes copies of any written or recorded statements she made; the substance of any statements made by Ms. Jinesta which the government intends to offer in evidence at trial. Ms. Jinesta also specifically requests that all arrest reports which relate to the circumstances surrounding his arrest or any questioning, if such reports have not already been produced in their entirety, be turned over to him. This request includes, but is not limited to, any rough notes, records, recordings (audio or visual), reports, transcripts or other documents in which statements of Ms. Jinesta are contained. Ms. Jinesta is also requesting any statements he is alleged to have made during any arrest which was charged in state court which is connected in any way to the conspiracy charged herein,   It also includes the substance of any oral statements which the government intends to introduce at trial, and any written summaries of the defendant's oral statements contained in the handwritten notes of the government agent. This is all discoverable under Fed. R. Crim. P. 16(a)(1)(A) and Brady v. Maryland, 373 U.S. 83 (1963). See also United States v. Johnson, 525 F.2d 999 (2d Cir. 1975); United States v. Lewis, 511 F.2d 798 (D.C. Cir. 1975); United States v. Pilnick, 267 F. Supp. 791 (S.D.N.Y. 1967); Loux v. United States, 389 F.2d 911 (9th Cir.), cert. denied, 393 U.S. 867 (1968). Ms. Jinesta also requests any response to any Miranda warnings which may have been given to her, on the date of

her arrest. See United States v. McElroy, 697 F.2d 459 (2d Cir. 1982). This request includes all statements made by Ms. Jinesta to state officials as well or any individuals whom are cross-designated.

**B.** Prior Convictions or Prior Similar Acts.

Rule 16(a)(1)(B) of the Fed. R. Crim. P., provides that "upon request of the defendant, the government shall furnish to the defendant such copy of her prior criminal record, if any, as is within the possession, custody, or control of the government . . . ." Ms. Jinesta, therefore, requests all evidence, documents, records of judgments and convictions, photographs and tangible evidence, and information pertaining to any prior arrests and convictions or prior bad acts. Evidence of prior record is available under Fed. R. Crim. P. 16(a)(1)(B). Evidence of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)(C) and Fed. R. Evid. 404(b) and 609;

Ms. Jinesta also requests the government be ordered to provide discovery of any prior similar acts which the government intends to introduce into evidence pursuant to Fed. R. Evid. 404(b). Ms. Jinesta must have access to this information in order to make appropriate motions to exclude the use of such evidence at trial. See United States v. Cook, 608 F.2d 1175 (9th Cir. 1979), cert. denied, 444 U.S. 1034 (1980).

Ms. Jinesta requests a pre-trial conference on the morning of trial in order to resolve any issues raised by the government's intention of introducing evidence pursuant to Fed. R. Evid. 404 and 609.

**C.** Ms. Jinesta is Entitled to Examine the Evidence the Government Intends to Rely Upon at Trial.

Rule 16(a)(1)(C) authorizes a defendant to inspect and copy or photograph all books, papers, documents, photographs, and tangible objects which are in the possession, custody or control of the government and which are material to the preparation of the defense or intended for use by the government as evidence in it case during trial.

(1) Specifically, Ms. Jinesta requests the opportunity to inspect and photograph all evidence seized from Ms. Jinesta, all fingerprint analysis done on any of the evidence in this case, all identification procedures utilized by the government agents;

1  (2) The defense requests all evidence seized as a result of any search, either warrantless
2  or with a warrant, in this case. This is available under Fed. R. Crim. P. 16(a)(1)(C); and any
3  books, papers, documents, photographs, tangible objects, or copies or portions thereof which the
4  government intends to use as evidence-in-chief at trial;
5  (3) Ms. Jinesta requests all arrest reports, investigator's notes, memos from arresting
6  officers, dispatch tapes, sworn statements, and prosecution reports pertaining to Ms. Jinesta.
7  These are available under Fed. R. Crim. P. 16(a)(1)(B) and (C), Fed. R. Crim. P. 26.2 and 12(I).
8  Ms. Jinesta specifically requests that all dispatch tapes or any other audio or visual tape
9  recordings, including the transcripts and recordings of any wiretapped conversations, which exist
10 and which relate in any way to his case and or his arrest be preserved and provided in their
11 entirety; and
12 (4) Ms. Jinesta requests all other documents and tangible objects, including clothing,
13 notes, books, papers, documents, photographs, and copies of any such items which were obtained
14 from or belong to Ms. Jinesta.
15 (5) The defense requests all photographs, video tapes or other material used to
16 memorialize the surveillance done in this case.

**D.  Ms. Jinesta is Entitled To All Evidence Tending To Affect The Credibility of The Prosecution's Case.**

Pursuant to <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), <u>United States v. Agurs</u>, 427 U.S. 97 (1976), and <u>Giglio v. United States</u>, 405 U.S. 150 (1972), Ms. Jinesta requests the Court to order the government to immediately disclose all evidence in its possession favorable to Ms. Jinesta on the issue of guilt and which tends to affect the credibility of the prosecution's case. This request specifically includes any impeaching evidence such as the prior records, of any material witnesses in this case. This request also includes any expressed or implied promises made by the government to any material witnesses in exchange for their testimony in this case. See, e.g., <u>United States v. Bagley</u>, 473 U.S. 667 (1985); <u>Napue v. Illinois</u>, 360 U.S. 264 (1959); <u>United States v. Gerard</u>, 491 F.2d 1300 (9th Cir. 1974).

The defense requests any and all evidence including but not limited to:

(1) any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony. Pennsylvania v. Ritchie, 480 U.S. 39 (1987); United States v. Strifler, 851 F.2d 1197 (9th Cir.), cert. denied, 489 U.S. 1032 (1988); United States v. Brumel-Alvarez, 991 F.2d 1452 (9th Cir. 1992) (Ninth Circuit Court reversed Judge Enright for failure to turn over the "Levine Memorandum" which contained information critical about a government witness);

(2) any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction. See Rule 608(b), Federal Rules of Evidence and Brady; any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct. United States v. Chitty, 760 F.2d 425 (2d Cir.), cert. denied, 474 U.S. 945 (1985);

(3) any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988); Chavis v. North Carolina, 637 F.2d 213, 224 (4th Cir. 1980);

(4) the name and last known address of each prospective government witness. See United States v. Napue, 834 F.2d 1311 (7th Cir. 1987); United States v. Tucker, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective); United States v. Cook, 608 F.2d 1175, 1181 (9th Cir. (1979) (defense has equal right to talk to witnesses).

(5) the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called as a government witness. United States v. Cadet, 727 F.2d, 1453 (9th Cir. 1984);

(6) the name of any witness who made an arguably favorable statement concerning the defendant or who could not identify him or who was unsure of her identity, or participation in the crime charged. Jackson v. Wainwright, 390 F.2d 288 (5th Cir. 1968); Chavis v. North Carolina,

637 F.2d 213, 223 (4th Cir. 1980); Jones v. Jago, 575 F.2d 1164, 1168 (6th Cir.), cert. denied, 439 U.S. 883 (1978); Hudson v. Blackburn, 601 F.2d 785 (5th Cir. 1979), cert. denied, 444 U.S. 1086 (1980).

**E.    Ms. Jinesta is Entitled to Any Information That May Result in a Lower Sentence Under The Guidelines.**

This information is discoverable under Brady v. Maryland, 373 U.S. 83 (1963). This request includes any cooperation or attempted cooperation by the defendant, as well as any information that could affect any base offense level or specific offense characteristic under Chapter Two of the Guidelines. Also included in this request is any information relevant to a Chapter Three adjustment, a determination of the defendant's criminal history, or any other application of the Guidelines;

**F.    The Defense Requests the Preservation of All Evidence.**

The defendant specifically requests that all audio or video tapes such as dispatch tapes or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case or in the other charges alleged in the indictment be preserved. This request includes, but is not limited to, any samples (including but not limited to blood, urine, fingerprints or narcotics) used to run any scientific tests, any narcotics, and any evidence seized from any third party.

It is requested that the government be ordered to question all the agencies and individuals involved in the prosecution and investigation of this case to determine if such evidence exists, and if it does exist to inform those parties to preserve any such evidence;

**G.    The Defense Requests All Jencks Material.**

The defense requests all material to which Defendant is entitled pursuant to the Jencks Act, 18 U.S.C. § 3500, reasonably in advance of trial, including audio and visual tape recordings, such as dispatch tapes, recordings of any wiretapped conversations or consensual taped conversations, and all notes or reports with regard to his preparation for testifying. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is

sufficient for the report or notes to qualify as a statement under § 3500(e)(1). Campbell v. United States, 373 U.S. 487, 490-92 (1963). In United States v. Boshell, 952 F.2d 1101 (9th Cir. 1991) the Ninth Circuit held that when an agent goes over interview notes with the subject of the interview the notes are then subject to the Jencks Act;

**H.    Ms. Jinesta requests all other information relevant to her defense.**

The defendant requests disclosure of evidence including but not limited to the following:

(1) Any statement that may be "relevant to any possible defense or contention" that he might assert. United States v. Bailleaux, 685 F.2d 1105 (9th Cir. 1982);

(2) Notice and a Written Summary of Any Expert Testimony.

Under Rule 16(a)(1)(E), effective December 1, 1993, "[a]t the defendant's request, the government shall disclose to the defendant a written summary of testimony the government intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence during its case-in-chief at trial. This summary must describe the witness' opinions, the basis and the reasons therefore, and the witness' qualifications."

Ms. Jinesta specifically requests the government give her a written summary and notice of any expert testimony the government intends to introduce;

(3) Giglio Information. Pursuant to Giglio v. United States, 405 U.S. 150 (1972), the defendant requests all statements and/or promises express or implied made to any government witnesses, in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any government witnesses; and

(4) Henthorn Search. The defense requests that the prosecutor or some other attorney familiar with the case be ordered to examine the personnel files for evidence of perjurious conduct or other like dishonesty, or any other material relevant to impeachment, or any information that is exculpatory to Ms. Jinesta and that material be provided to the defense. United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991); United States v. Dominguez-Villa, 954 F.2d 562 (9th Cir. 1992).

(5) Reports of Scientific Tests or Examinations

Pursuant to Fed. R. Crim. P. 16(D), Ms. Jinesta requests the reports of all tests and examinations conducted upon the evidence in this case, including but not limited to any **fingerprint testing** done upon any evidence seized in this case;

(6) Brady Material

The defendant requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or **which affects the credibility** of the government's case. Impeachment as well as exculpatory evidence falls within Brady's definition of evidence favorable to the accused. United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976);

(7)   Personnel Records of Government Officers Involved in the Arrest

The defendant requests all citizen complaints and other related internal affairs documents involving any of the immigration officers or other law enforcement officers who were involved in the investigation, arrest and interrogation of him, pursuant to Pitchess v. Superior Court, 11 Cal.3d 531, 539 (1974). Because of the sensitive nature of these documents, the government is the only source for obtaining these documents.

### III.

### THE GOVERNMENT MUST GIVE NOTICE OF THE GENERAL NATURE OF ANY EVIDENCE IT WILL ATTEMPT TO OFFER UNDER FED. R. EVID. 404(b)

Under the amendments to Fed. R. Evid. 404(b), which became effective December 1, 1991, "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature . . ." of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial. The defendant requests that such notice be given three weeks before trial in order to give the defense time to adequately investigate and prepare for trial.

///

///

## IV.

## MS. JINESTA SHOULD BE GIVEN ATTORNEY CONDUCTED VOIR DIRE

Under Fed. R. Crim. P. Rule 24(a), "the court may permit the defendant or the defendant's attorney and the attorney for the government to conduct the examination of prospective jurors or may itself conduct the examination . . . ."

This case involves the aiding an abetting of a felon in possession, with evidence of a high speed chase from the united states into Mexico. It is the experience of counsel for Ms. Jinesta that prospective jurors in the Southern District of California have often had strong reaction to individuals charged with weapons offenses. Further, many of the defendants are charged in other counts with numerous acts involving weapons. Ms. Jinesta is not alleged in any of those counts, however, it is apparent from the media reports that these issues will have a severe impact upon the members of the community who will be called upon to serve as jurors in this matter.

## V.

## MOTION FOR PERMISSION TO JOIN IN MOTIONS OF CO-DEFENDANTS.

The defendant Jennifer Jinesta requests permission to join in all motions of the co-defendants not inconsistent with the rights of the defendant in this matter.

## VI.

## MS. JINESTA REQUESTS LEAVE TO FILE FURTHER MOTIONS

As noted above at the time of preparation of these motions, Ms. Jinesta and defense counsel has received only approximately 55 pages of discovery from the government. Counsel has not yet received much of the pertinent discovery as to Ms. Jinesta which would form the basis to move to suppress either statements, physical evidence, or both.

It is also anticipated the defense will be submitting future motions with regard to severance. However, it will be necessary to review the outstanding discovery in order to determine which specific motions will be required.

It is therefore requested that defense counsel be allowed the opportunity to file further motions based upon information gained through the discovery process.

## **CONCLUSION**

For the foregoing reasons, it is respectfully requested that the court grant the above motions.

DATED: February 22, 2008          Respectfully submitted,

                       S/ Casey Donovan

**CASEY DONOVAN**
Attorney for Defendant Jennifer Jinesta

jinesta,jennifer-discmn

DONOVAN & DONOVAN
Casey Donovan
Attorney at Law
The Senator Building
105 West F. Street - 4th floor           U.S.D.C. No.08-CR-0286-03(BTM)
San Diego, CA 92101

## DECLARATION OF SERVICE

I, undersigned, say: I am over 18 years of age, employed in the County of San Diego, California, in which county the within mentioned delivery occurred, and not a party to the subject cause. My business address is 105 West F. Street, San Diego, California. I served the Defendant's Notice of Motion for Discovery, Voir Dire , and Memorandum of Points and Authorities,  of which a true and correct copy of the documents filed in this cause is affixed, by electronic filing to:

Randy k. Jones, Assistant U.S. Attorney
Office of the United States Attorney
880 Front Street, Room 6293
San Diego, CA 92188

The electronic filing was done by me at San Diego, California, on February 22, 2008.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 22, 2008 at San Diego, California.

s/ Casey Donovan

Casey Donovan